**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| LESLIE SHARP, JR., | * | |
| | * | Civil Action No. 25-cv-2222-PX |
| | * | Criminal Action No. 23-cr-305-PX |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |

***

**MEMORANDUM ORDER**

Pending is Petitioner Leslie Sharp, Jr.'s motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. ECF No. 45. The issues are fully briefed, and no hearing is necessary. *See* Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts *and* D. Md. Loc. R. 105.6. For the following reasons, the motion is DENIED.

On March 15, 2024, Sharp pleaded guilty to one count of possessing a firearm after sustaining a felony conviction, in violation of 18 U.S.C. § 922(g)(1). ECF No. 33. On August 26, 2024, the Court sentenced Sharp to 57 months imprisonment. ECF Nos. 39-41. Subsequently, Sharp filed this motion, arguing that the Court must vacate his conviction pursuant to Executive Order 14206 that issued on February 7, 2025. (E.O. 14206).[1] ECF No. 45. E.O. 14206 directs the Attorney General to examine "executive actions" for "ongoing infringements of the Second Amendment rights of our citizens." *Id.* § 2. Relevant here, E.O. 14206 commands the Attorney General to review "all ongoing and potential litigation that affects or could affect the ability of Americans to exercise their Second Amendment rights." *Id.* § 2 (b)(v). E.O. 14206 also makes clear that it "is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies,

---

[1] E.O. 14206 may be found at https://www.presidency.ucsb.edu/documents/executive-order-14206-protecting-second-amendment-rights (last visited Sept. 1, 2026).

or entities, its officers, employees, or agents, or any other person." *Id.* § 4 (c).

A motion brought pursuant to 28 U.S.C. § 2255 may ask the Court to vacate, set aside or correct a sentence that (1) was "imposed in violation of the Constitution or laws of the United States" or outside the Court's jurisdiction; (2) exceeded "the maximum authorized by law;" or (3) is otherwise "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). *See also United States v. Pettiford,* 612 F.3d 270, 277 (4th Cir. 2010).

Sharp does not meet any such enumerated grounds. For one, E.O. 14206 does not confer any substantive rights affecting his prior conviction or sentence. Rather, at best, E.O. 14206 directs the Attorney General to review all ongoing or potential litigation to ensure that from the Executive Branch's perspective, its positions are not infringing on any given citizen's Second Amendment rights.

Second, and relatedly, even if E.O. 14206 somehow compelled the government here to reexamine the constitutionality of Sharp's conviction, the outcome would be that no constitutional violation occurred. The United States Court of Appeals for the Fourth Circuit has made plain that both facial and as applied Second Amendment challenges to § 922(g) convictions fail. *See United States v. Canada*, 123 F.4th 159 (4th Cir. 2024) (rejecting a facial challenge to § 922(g)(1)); *United States v. Hunt*, (4th Cir. 2024) (rejecting as-applied challenges to § 922(g)(1)). This forecloses any argument that Sharp's conviction was unconstitutionally obtained. Accordingly, the motion must be denied.

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2255 Proceedings in the United States District Courts, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the Court's order, *United States v. Hadden*, 475 F.3d 652, 659

(4th Cir. 2007), and may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). Where the Court denies the petitioner's motion on its merits, the petitioner satisfies this standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Sharp does not satisfy this standard, so this Court will not issue a certificate of appealability. Sharp may always seek such a certificate from the Fourth Circuit.

Accordingly, and for the above-stated reasons, it is on this 1st day of September 2026, by the United States District Court for the District of Maryland, ORDERED that:

1. Petitioner Leslie Sharp, Jr.'s Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 45) is DENIED;
2. A Certificate of Appealability shall not issue;
3. The Clerk is DIRECTED to TRANSMIT copies of this Memorandum Order to the Government and MAIL copies to Petitioner; and
4. CLOSE this case.

9/1/2026
Date

/S/
Paula Xinis
United States District Judge